IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CRAIG S. ROBLEDO-VALDEZ                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-cv-128-HTW-LGI

BURL CAIN, ET AL.                                                    DEFENDANTS

<u>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION</u>

BEFORE THE COURT are pro se Plaintiff Craig S. Robledo-Valdez's Motions [15],[16] to reconsider the dismissal of this case. For the reasons below, Plaintiff's motions are denied.

I.    Background

On February 20, 2025, pro se plaintiff Craig S. Robledo-Valdez ("Plaintiff") filed this lawsuit asserting complaints about the conditions-of-his-confinement at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi.[1] Rather than pay the filing fee, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). *See* Mot. [2]. In his IFP application, Plaintiff "declare[d] that [he] is unable to pay the fees for these proceedings." *Id*. at 1.

Because Plaintiff's IFP application was incomplete, the Magistrate Judge entered an Order [4] directing Plaintiff, on or before March 6, 2025, to either pay the filing fee or file a completed IFP application. Order [4]. Plaintiff elected to complete an IFP application, once again declaring that he is unable to pay the costs of these proceedings. Mot. [5] at 1. The bottom of the IFP application, immediately above Plaintiff's signature, is the following declaration, "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims." *Id*. at 2.

---

[1] Plaintiff is a post-conviction inmate of the Colorado Department of Corrections presently incarcerated with the Mississippi Department of Corrections. Plaintiff's Mississippi inmate number is 251129 and Plaintiff's Colorado inmate number is 145545. *See* Pl.'s Resp. [10] at 1; Compl. [1] at 2.

Before a ruling issued on Plaintiff's IFP motions, the Magistrate Judge entered an Order Requiring Plaintiff to Respond [7]. This Order [7] required Plaintiff, on or before April 17, 2025, to file a written response answering these questions:

> (a)  Besides the case disclosed in your Complaint [1] that you filed in the United States District Court for the District of Colorado, cause number 16-cv-192, have you filed any other lawsuits in any court of the United States?
>
> (b)  If your answer to (a) is yes, provide the following information **for each and every civil action and appeal** filed by you:
> 1. State the case number;
> 2. State the name of the Court where the case was filed;
> 3. State the date the case was filed;
> 4. List the parties to the case;
> 5. State the disposition of the case (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?)
> 6. Specifically state if the case was dismissed as frivolous, malicious or for failure to state a claim;
> 7. State the date of the disposition.

Order [7] at 1 (emphasis in original). Plaintiff filed his Response [10], stating that he could only remember a total of four prior cases (including cause number 16-cv-192), all of which he filed in the United States District Court for the District of Colorado.

On April 29, 2025, the Court entered an Order Denying *In Forma Pauperis* Status and Dismissing Case Without Prejudice [11] along with a Final Judgment [12]. The Court determined Plaintiff had four qualifying dismissals or "strikes" under the Prison Litigation Reform Act,[2] and he failed to meet the singular, narrow statutory exception. Order [11] at 2 (citing *Robledo-Valdez v. West*, No. 1:14-cv-818 (D. Colo. Apr. 18, 2014) (dismissed as frivolous and malicious), *aff'd*, 593 F. App'x 778, 781 (10th Cir. 2014) (concluding appeal is

---

[2] The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed IFP will be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915 (g). This section of the PLRA, § 1915 (g), is known as "the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

frivolous); *Robledo v. West*, No. 1:13-cv-1577 (D. Colo. Jan. 21, 2014) (dismissed as frivolous); *Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (concluding appeal is frivolous)). The Order [11] further found,

> Plaintiff was made aware of his strike status as early as 2016, *see Robledo v. Lakewood Police Dep't*, No. 1:16-cv-2995 (D. Colo. Feb. 28, 2017), but Plaintiff disclosed only one prior case in his Complaint [1]. When this Court entered an Order [7] directing Plaintiff to state if he filed other cases, Plaintiff could only recall three others. *See* Pl.'s Resp. [10]; Order [7]. Curiously, none of the cases Plaintiff could recall were strikes under § 1915(g).

Order [11] at 2. On April 29, 2025, the Court entered a Final Judgment [12] dismissing this case without prejudice.

In his present Motions [15],[16],[3] Plaintiff moves the Court to "reinstate" this case and grant him the opportunity to pay the filing fee. Mot. [15] at 1. In one of his Motions [15], Plaintiff states, for the first time, that he "has the funds with which to pay the $405 fee to this Court" but the funds are "controlled" by family members "outside of prison." *Id.* Plaintiff blames prison authorities for delaying the receipt of his legal mail and for allegedly preventing (after May 5, 2025) any outgoing letters to family members concerning money or payment of fees. *Id.* at 1–2. In Plaintiff's other Motion [16], he continues to assert allegations about the handling of his mail by prison authorities and states that "Plaintiff is willing to pay this $405 fee but can ONLY do so if the defendants allow it." Mot. [16] at 3. On May 5, 2025, the Court receipted payment of the filing fee submitted by a third party and not from Plaintiff's prison account.

II.   Discussion

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to

---

[3] Plaintiff dates one Motion [15] June 20, 2025 and dates the other Motion [16] June 19, 2025. Both were filed on the court docket on June 25, 2025.

3

alter or amend a judgment under Rule 59(e) or as a motion for relief from judgment . . . under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal quotation marks and citation omitted). If the motion is filed within twenty-eight days of the final judgment it proceeds under Rule 59, if it is not filed within this time-period, the motion is considered under Rule 60. *Id.* Plaintiff alleges delays by prison officials in processing his outgoing and incoming mail. Therefore, the Court will consider Plaintiff's motions for reconsideration under both Rule 59(e) and Rule 60(b).

"Under Rule 59(e), amending a judgment is appropriate (1)where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182. Reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Plaintiff does not assert any arguments that were unavailable at the time of filing this lawsuit. Plaintiff seeks reconsideration of the Court's decision but fails to establish manifest error or present newly discovered evidence. Nor has an intervening change in the controlling law occurred. Plaintiff therefore fails to satisfy the requirements for obtaining relief under Rule 59(e).

Under Rule 60(b) the Court has discretion to relieve a party from a judgment under six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have

4

> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). At best, Plaintiff is seeking relief under Rule 60(b)(6). To obtain that relief, Plaintiff "must show the initial judgment was manifestly unjust" and relief is only available in "extraordinary circumstances." *Jenkins v. LaSalle Sw. Corr.*, No. 20-10533, 2025 WL 66734, at *4 (5th Cir. Jan. 10, 2025) (citations and internal quotations omitted).

Plaintiff provides no argument as to why Rule 60 should apply to reopen the judgment in this case. Instead, he blames prison authorities for mishandling his mail and causing the dismissal of this case. It was Plaintiff, not prison authorities, that declared under penalty of perjury that Plaintiff was unable to pay the fee for this case in February and again in March 2025. At most, Plaintiff's new assertions pertaining to his ability to pay the fee means he was untruthful in his two IFP applications. This alone would require dismissal of this case.

The IFP statute provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915 (e)(2)(A). The statute provides no discretion in deciding whether to dismiss the case as a sanction for the false information. *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). When the Court determines the contents of an IFP application are false, dismissal of the case is mandatory at that time even if that time accrues after the litigant has paid the filing fee. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Dismissal is mandatory if the court determines 'at any time,' even after the plaintiff pays the filing fee, that the contents of an IFP application are false.").

Furthermore, none of Plaintiff's arguments change the fact that Plaintiff chose not to disclose that he is barred from proceeding IFP because of his three-strikes. Plaintiff failed to reveal this in either of his IFP applications. And Plaintiff was given a third opportunity to reveal his strike status in response to the Magistrate Judge's Order [7] to provide information about his prior case filings. As detailed above, Plaintiff was fully aware of his strike status as early as 2016. It stretches credulity to believe that one would just not remember such a lengthy litigation history or their status as a sanctioned litigant. This alone would also justify the dismissal of this case.

Dismissal is an appropriate sanction when a prisoner fails to inform the court about prior civil actions or misrepresents the number of previous actions he has filed. *See Shepherd v. Annucci*, 921 F.3d 89, 97–98 (2d Cir. 2019) (affirming dismissal "as a sanction for [prisoner] furnishing false statements to the court by deliberately omitting 'strike' cases from his complaint"); *Jenkins v. Hutcheson*, 708 F. App'x 647, 648–49 (11th Cir. 2018) (discussing court's reasoning for requiring prisoners to disclose prior cases and finding "district court was entitled to dismiss [Plaintiff's] complaint based on his failure to fully disclose his litigation history" while also "recognizing that nothing in the record indicates that [Plaintiff] intentionally omitted the cases"); *see also Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (reminding prisoners "that false statements in their pleadings may result in sanctions against them, *see* Fed. R. Civ. P. 11(c), including dismissal with or without prejudice" and "false statements in an affidavit or unsworn declaration made under penalty of perjury may result in prosecution for perjury"). Plaintiff was dishonest about his strike-status when he sought permission to proceed IFP in this case. The Court discovered Plaintiff's dishonesty and rightfully dismissed this case.

Because Plaintiff fails to satisfy the requirements for obtaining relief under Rule 59(e) or

Rule 60(b), his motions for reconsideration are denied.

III.     Conclusion

Based on the foregoing reasons, Plaintiff's Motions [15],[16] liberally construed as motions for reconsideration under Rule 59(e) and Rule 60(b), are denied.

**SO ORDERED AND ADJUDGED**, this the 22nd day of October, 2025.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE