IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CRAIG S. ROBLEDO-VALDEZ                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:25-cv-128-HTW-LGI

BURL CAIN, ET AL.                                                         DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTIONS FOR REIMBURSEMENT [23],[31]
AND MOTION TO STAY PROCEEDINGS [27]

BEFORE THE COURT are pro se Plaintiff Craig S. Robledo-Valdez's Motions

[23],[27],[31] filed in this closed civil action.  For the reasons below, Plaintiff's motions are

denied.

On February 20, 2025, pro se plaintiff Craig S. Robledo-Valdez ("Plaintiff") filed this

lawsuit asserting complaints about the conditions-of-his-confinement at the Walnut Grove

Correctional Facility in Walnut Grove, Mississippi.[1]  Rather than pay the filing fee, Plaintiff

moved for leave to proceed *in forma pauperis* ("IFP").  *See* Mot. [2].

On April 29, 2025, the Court entered an Order Denying *In Forma Pauperis* Status and

Dismissing Case [11] along with a Final Judgment [12].  The Court determined Plaintiff had four

qualifying dismissals or "strikes" under the Prison Litigation Reform Act,[2] and he failed to meet

the singular, narrow statutory exception.  Order [11] at 2 (citing *Robledo-Valdez v. West*, No.

1:14-cv-818 (D. Colo. Apr. 18, 2014) (dismissed as frivolous and malicious), *aff'd*, 593 F. App'x

---

[1]Plaintiff is a post-conviction inmate of the Colorado Department of Corrections, and he was incarcerated with the Mississippi Department of Corrections when he filed this civil action.  Plaintiff's Mississippi inmate number is 251129 and Plaintiff's Colorado inmate number is 145545.  *See* Pl.'s Resp. [10] at 1; Compl. [1] at 2.  Plaintiff has since been moved to a prison in Arizona.  *See* Pl.'s Change of Address [26].

[2] The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed IFP will be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim.  28 U.S.C. § 1915 (g).  This section of the PLRA, § 1915 (g), is known as "the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

778, 781 (10th Cir. 2014) (concluding appeal is frivolous); *Robledo v. West*, No. 1:13-cv-1577 (D. Colo. Jan. 21, 2014) (dismissed as frivolous); *Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (concluding appeal is frivolous)).  The Order [11] further found,

> Plaintiff was made aware of his strike status as early as 2016, *see Robledo v. Lakewood Police Dep't*, No. 1:16-cv-2995 (D. Colo. Feb. 28, 2017), but Plaintiff disclosed only one prior case in his Complaint [1].  When this Court entered an Order [7] directing Plaintiff to state if he filed other cases, Plaintiff could only recall three others.  *See* Pl.'s Resp. [10]; Order [7].  Curiously, none of the cases Plaintiff could recall were strikes under § 1915(g).

Order [11] at 2.  On April 29, 2025, the Court entered a Final Judgment [12] dismissing this case without prejudice.  On May 5, 2025, the Court receipted payment of the filing fee submitted by a third party and not from Plaintiff's prison account.

On June 25, 2025, Plaintiff moved the Court to "reinstate" this case and grant him the opportunity to pay the filing fee, asserting for the first time that he "has the funds with which to pay the $405 fee to this Court" but the funds are "controlled" by family members "outside of prison."  Mot. [15] at 1.  On this same date, Plaintiff also sought reconsideration of the Court's dismissal Order.  Mot. [16].  The Court entered an Order [21] denying both Motions finding, in part, that Plaintiff's new assertions pertaining to his ability to pay the fee means he was untruthful in his two IFP applications.  Order [21] at 5, 7.  The Court explained that when a court determines the contents of an IFP application are false, dismissal of the case is mandatory at that time even if that time accrues after the litigant has paid the filing fee.  *Id*. at 5 (citing *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Dismissal is mandatory if the court determines 'at any time,' even after the plaintiff pays the filing fee, that the contents of an IFP application are false.")).  The Order further found that "Plaintiff was dishonest about his strike-status when he sought permission to proceed IFP in this case.  The Court discovered Plaintiff's dishonesty and rightfully dismissed this case."  *Id*. at 6.

2

Plaintiff filed two Motions [23],[31] seeking reimbursement of the filing fee paid in this civil action.  Plaintiff incorrectly asserts that this Court should not have accepted payment of the filing fee after this civil action was closed.  The filing fee is due at the time of filing a civil action and moving for IFP or even being granted IFP status does not excuse a prisoner's obligation to pay the full fee.  *See, e.g.*, *Hatchet v. Nettles*, 201 F. 3d 651, 654 (5th Cir. 2000) (holding prisoner is "obligated to pay the full filing fee upon the filing of a complaint").  This requirement was "designed to deter frivolous prisoner litigation" through liability for filing fees.  *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).   And dismissal of a case or even release from prison does not absolve the prisoner-plaintiff of this debt.  *Hatchet*, 201 F. 3d at 654 (holding relief from an order directing a prisoner to pay the filling fee is simply not available); *Gay v. Texas Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (finding prisoner-plaintiff remains "subject to the filing-fee requirements of the PLRA despite [his] subsequent release from prison").  For these reasons, Plaintiff's Motions [23],[31] for reimbursement of the filing fee are denied.

Next, on December 9, 2025, Plaintiff moved the Court to stay the proceedings for this case and three other cases filed in this Court until December 26, 2025, because he was transferred to a prison in Arizona and is awaiting arrival of his property and legal work.  Mot. [27].  This motion is denied as moot because this case is closed, and furthermore no proceedings were conducted in this case during December of 2025.

**IT IS HERERBY ORDERED** that Plaintiff's Motions [23],[31] for reimbursement of the filing fee and Motion [27] to stay this closed case are DENIED.

**SO ORDERED AND ADJUDGED**, this the  day of April, 2026.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

3